IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| DONALD F. TORCZON, | ) | |
| | ) | Case No. CV-06-397-N-BLW |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM DECISION** |
| v. | ) | **AND ORDER** |
| | ) | |
| JUDY SAGE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## INTRODUCTION

The Court has before it Defendant's Motion to Dismiss (Docket No. 4) and

Plaintiff's Motion for Extension of Time (Docket No. 7). The Court has

determined that oral argument will not assist in the disposition of these motions.

Accordingly, the Court will decide the motions based on the briefs submitted by

the parties.

## ANALYSIS

### I.    Proper Defendant

It is well-established that claims against government officials acting in their

official capacity are essentially suits against the United States. *See Hutchinson v.*

*United States*, 677 F.2d 1322, 1327 (9th Cir. 1982). Here, although the Complaint

**Memorandum Decision and Order - 1**

was filed against Judy Sage, an Internal Revenue Service ("IRS") Appeals Officer, the Complaint does not allege any acts of Judy Sage in her individual capacity. Torczon acknowledges this in his response brief. Accordingly, the United States is the only proper defendant in this matter, and the Court will address the case as one against the United States.

**II.     Motion to Dismiss**

The Government seeks dismissal of Torczon's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). In considering a motion pursuant to Rule 12(b)(1), the Court must accept all of the plaintiff's factual allegations as true. See *Dreier v. United States, 106 F.3d. 844, 847 (9th Cir. 1996)*.

The Government contends that this Court lacks subject matter jurisdiction to decide this case because Torczon did not file his complaint within the allotted 30 days, as permitted by statute. Additionally, the Government contends that this Court lacks jurisdiction because the underlying tax liabilities in this case are income taxes, the type of tax for which only the Tax Court has jurisdiction to review a CDP hearing and the resulting Notice of Determination. The Court agrees.

Pursuant to 26 U.S.C. § 6330(d), a taxpayer must request judicial review of a Notice of Determination within 30 days of the issuance of the Notice of

**Memorandum Decision and Order - 2**

Determination.  The provisions of section 6330(d) constitute a limited waiver of the Government's sovereign immunity, and provide a mechanism whereby a taxpayer can seek judicial review of a determination made by the IRS in a statutory Collection Due Process hearing.  However, the terms of the statutory consent define the scope of the district court's jurisdiction.  *See United States v. Dalm*, 494 U.S. 596, 608 (1990); *see also Allied/Royal Parking v. United States*, 166 F.3d 1000, 1002 (9th Cir. 1999).  Thus, a valid Notice of Determination and a timely complaint are required to invoke this Court's jurisdiction pursuant to section 6330(d).

Here, the Notice of Determination was issued on August 16, 2006.  However, Torczon did not file his Complaint until October 2, 2006, 17 days beyond the 30-day time limit prescribed by Section 6330(d)(1).  Thus, the limited waiver of sovereign immunity set forth in section 6330(d)(1) does not apply, and this Court lacks subject matter jurisdiction in this matter.  Additionally, Torczon has not asserted jurisdiction under any other applicable statute.  Thus, even accepting all of Torczon's factual allegations as true, this Court lacks subject matter jurisdiction over his claims.

Moreover, the Government properly points out that the Tax Court is the proper court to review a CDP determination made by IRS Appeals regarding

**Memorandum Decision and Order - 3**

income taxes. When a taxpayer seeks judicial review of a Notice of Determination, 26 U.S.C. §6330(d)(1) dictates that the action should be filed in the Tax Court, unless the Tax Court does not have jurisdiction over the matter. See 26 U.S.C. §6330(d)(1). The Tax Court does, in fact, have jurisdiction over income tax liabilities like those at issue in this case. See 26 U.S.C. §6211(a); 26 U.S.C. §6212(a); 26 U.S.C. §6213(a). Thus, because the underlying liabilities at issue in Torczon's case are income tax liabilities, Torczon erroneously filed his case with this Court.

Accordingly, the Court will grant the Government's Motion to Dismiss and dismiss this case in its entirety.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion for Extension of Time (Docket No. 7) shall be, and the same is hereby GRANTED. The Court will consider Plaintiff's late-filed opposition brief in making its decision in this matter.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss (Docket No. 4) shall be, and the same is hereby, GRANTED.

**Memorandum Decision and Order - 4**

The Court will enter a separate Judgment as required by <u>Federal Rule of Civil Procedure 58</u>.



DATED: **September 4, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge